DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Raymond L. Lugo appeals from his adjudication as a sexual predator in the Lorain County Court of Common Pleas. This Court affirms.
On March 29, 1995, the Lorain County Grand Jury returned an indictment against Lugo, charging him with one count of importuning in violation of R.C. 2907.07(C); four counts of gross sexual imposition in violation of R.C. 2907.05(A)(4); two counts of felonious sexual penetration in violation of R.C.2907.12(A)(1)(b); two counts of sexual imposition in violation of R.C. 2907.06(A)(1);[1] one count of corruption of a minor in violation of R.C. 2907.04(A); and five counts of contributing to the unruliness of a child in violation of R.C. 2919.24(A)(1). Lugo initially pleaded not guilty to the charges, then later pleaded guilty to all fifteen amended counts on December 1, 1995. In an entry journalized on January 26, 1996, the trial court sentenced Lugo to thirty days for the importuning count, one year for each gross sexual imposition count, three to fifteen years for each attempted felonious sexual penetration count,[2] thirty days for each sexual imposition count, one year for the corruption of a minor count, and six months for each contributing to the unruliness of a child count. Additionally, the court ordered that the sentences for the attempted felonious sexual imposition counts were to be served consecutively; the sentences for the remaining counts were to be served concurrently.
Thereafter, on March 19, 1999, a sexual predator hearing was held. At the hearing, Lugo moved to dismiss, arguing that R.C.2950.09 is unconstitutional because it violates due process, equal protection, and double jeopardy. The trial court denied the motion. After hearing testimony, the trial court found Lugo to be a sexual predator.
Lugo timely appeals, raising two assignments of error.
Assignment of Error No. I
[THE] TRIAL COURT ERRED WHEN IT DID NOT FIND THE PROCEEDINGS IN ACCORDANCE WITH H.B. 180 AND THE NEWLY AMENDED [R.C.] 2950
ET SEQ. UNCONSTITUTIONAL UNDER THE UNITED STATES CONSTITUTION AND THE STATE OF OHIO CONSTITUTION.
In connection with his first assignment of error, Lugo raises a number of constitutional arguments. Specifically, Lugo argues that R.C. Chapter 2950 violates the Ohio Constitution's prohibition against retroactive laws, the United States Constitution's prohibition on ex post facto laws, the constitutional prohibitions against cruel and unusual punishment, and his rights to privacy, due process, and equal protection.[3] Lugo concedes in his appellate brief, however, that his arguments have already been found wanting by either the Supreme Court of Ohio in State v. Cook (1998), 83 Ohio St.3d 404, or by this Court in State v. Steckman (Feb. 9, 1999), Lorain App. No. 97CA006996, unreported. This Court agrees. Accordingly, Lugo's first assignment of error is overruled.
Assignment of Error No. II
THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT FOUND THE APPELLANT TO BE A SEXUAL PREDATOR EVEN THOUGH THE STATE FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT WAS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
 In his second assignment of error, Lugo argues that the trial court erred by labeling him a sexual predator when the state of Ohio failed to show by clear and convincing evidence that he was likely to engage in one or more sexually oriented offenses in the future. This Court disagrees.
Under R.C. 2950.09(B)(2), a trial court must consider all relevant factors in determining whether an individual is a sexual predator, including, but not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Upon consideration of these and other relevant factors, the trial court shall determine whether an individual is a sexual predator based upon clear and convincing evidence. R.C. 2950.09(C)(2). This Court has previously explained that the standard of clear and convincing evidence is satisfied if the evidence produces in the trier of fact a firm belief or conviction as to the matter to be established. State v. Alexander (Apr. 14, 1999), Summit App. No. 18823, unreported. "The clear and convincing standard requires more than a preponderance of the evidence, but does not rise to the level of proving a proposition beyond a reasonable doubt."Id.
In the instant case, the trial court had before it the record of Lugo's conviction, including the presentence investigation report that had been prepared. In addition, the state presented testimony from a detective who had participated in the investigation of Lugo. The detective recounted that Lugo had been investigated for illegal conduct involving numerous female minors. Specifically, the detective testified that Lugo, who was approximately fifty years old at the time, had touched the buttocks of a thirteen-year-old, whom he asked to engage in sexual activity with him; that he had supplied a ten-year-old with alcohol and then touched her in a sexual manner on several occasions; that he had engaged in similar behavior with two twelve-year-olds and three sixteen-year-olds; that he had supplied alcohol to an eleven-year-old, whom he had also fondled and penetrated by inserting his finger into her vagina; that he had supplied alcohol to a fifteen-year-old, a sixteen-year-old, and a seventeen-year-old; and that he had engaged in sexual intercourse with a fifteen-year-old numerous times while living at her parents' house. In each instance, the detective testified, the pattern was the same. Lugo would befriend the girls' parents, take the girls to a local park or a nearby amusement park, and have the girls sleep over at his house. Often, while the girls slept, Lugo would photograph them in their nightclothes. There were also numerous photographs of the girls in bathing suits that Lugo had taken. The detective testified that other photographs existed, but that Lugo had admitted to destroying them before the police viewed the photographs.
Despite such testimony, Lugo essentially argues on appeal that, because "[t]here was no testimony presented that explains how the factors listed under R.C. 2950.09(B) indicate a correlation between those factors and a likelihood to reoffend," the trial court should have accepted as dispositive his own uncorroborated testimony that his psychologist did not believe that he is a recidivist.[4] Such a contention, however, misreads the burden placed upon the state. Nothing in R.C.2950.09 demands that testimony be presented explaining the rationale underlying the correlation between any individual factor and the likelihood to reoffend; for example, the state is not required to indicate why the presence of alcohol would indicate a likelihood to reoffend, but only that alcohol was involved. Rather, the burden on the state was to present evidence establishing the existence of those factors that the General Assembly has already deemed indicative of establishing a likelihood to reoffend. The state fulfilled this burden by presenting evidence of a pattern by Lugo of admitted improper sexually oriented conduct. The burden was then on the trial court to evaluate the factors.
Finally, this Court has previously addressed the same argument Lugo now raises in State v. Lawson (Apr. 14, 1999), Lorain App. No. 97CA006776, unreported, wherein this Court explained:
 [There is] overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable.
 (Citations omitted.) Id., quoting State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported. Therefore, as in Lawson, testimony explaining the General Assembly's rationale in setting forth the R.C. 2950.09(B) factors as relevant "would have been surplusage * * * given the self-evident gravity of the evidence." Id. at fn. 1.
Accordingly, this Court holds that, given the numerous instances of sexual misconduct involving young children to which he pleaded guilty, Lugo was properly adjudicated a sexual predator by clear and convincing evidence. Lugo's second assignment of error is also rejected.
The judgment of the court of common pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
DONNA J. CARR FOR THE COURT
BAIRD, P.J., SLABY, J., CONCUR
[1] Although the body of the indictment referenced the correct statutory provisions for these charges, the caption was incorrect until subsequently amended on May 16, 1995.
[2] The original indictment charged Lugo with two counts of felonious sexual penetration. The record does not disclose when the charges were amended to attempted felonious sexual penetration.
[3] This Court notes that Lugo only moved to dismiss on the grounds that the proceedings below violated his due process, equal protection, and double jeopardy rights. Consequently, he has waived the ability to raise on appeal his retroactivity, ex postfacto, cruel and unusual punishment, and privacy arguments. SeeState v. Hamilton (Apr. 14, 1999), Lorain App. No. 97CA006793, unreported; State v. Jameson (Apr. 22, 1998), Lorain App. No. 97CA006704, unreported, fn. 6.
[4] During his hearing testimony, Lugo also denied several of the allegations to which he had pleaded guilty. Lugo additionally invoked his Fifth Amendment right and declined to answer questions concerning alleged misconduct not included in the indictment.